UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHAD HOLLINS | CIVIL ACTION NO. 13-cv-05649 |
| VERSUS | SECTION "C" |
| FIDELITY NATIONAL INSURANCE COMPANY AND THE NATIONAL FLOOD INSURANCE PROGRAM | HON. HELEN BERRIGAN |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ORDER AND REASONS**

Before the Court is a Motion for Summary Judgment by defendant, Fidelity National Indemnity Insurance Company ("FNIIC"), which Plaintiff, Chad Hollins, opposes. Rec. Doc. 45; Rec. Doc. 46. Both parties have submitted supplemental memoranda relating to the motion. Rec. Doc. 53; Rec. Doc. 54. Having examined the memoranda of counsel, the record, and the applicable law, defendant's motion is GRANTED for the following reasons.

**I. FACTUAL BACKGROUND**

On August 28, 2012, Hurricane Isaac damaged Hollin's property at 2736 Williamsburg Drive in LaPlace, Louisiana ("the property"). Rec. Doc. 1 at 3-4. At the time, the property was insured by FNIIC, an insurance carrier participating in the federal government's National Flood Insurance Program ("NFIP"). *Id.* at 1. According to FNIIC, the policy in question was a Standard Flood Insurance Policy ("SFIP") subject to federal regulation. Rec. Doc. 45-1 at 2. The policy

1

provided up to $107,700 in coverage. Rec. Doc. 46-1 at 1.

On August 29, Hollins submitted a flood loss claim to FNIIC. Rec. Doc. 45-2. On September 1, 2012, adjusters working on behalf of FNIIC assessed the damage as $47,003.31 and the cost of debris removal to be $1,538.56, totaling $48,538.56. *Id*. The adjusters further estimated the contents claim to be $25,961, which exceeded the policy's limit of $11,000 with a $1,000 deductible. *Id*. On September 10, FNIIC paid $5,000 to Hollins as an advance on his claim. Rec. Doc. 45-3 at 1. On September 26, Hollins executed a proof of loss in the amount of $58,003.31 for his building and contents claim. Rec. Doc. 45-3 at 2. On September 28, FNIIC issued a check for $6,000, representing the remaining contents coverage on the policy. FNIIC also issued a check on October 2 for $47,003.31 for the building claim, less the $1,000 deductible provided for in the policy. Rec. Doc. 45-3 at 3-4.

On November 27, Michaelson & Messenger Insurance Specialists ("Michaelson") notified FNIIC via a faxed letter that it represented Hollins. Rec. Doc. 46-2 at 2. On December 6, Michaelson provided FNIIC with a damage estimate totaling $209,530.42 and a written request that FNIIC open a supplemental claim and schedule a reinspection of Hollins' property. Rec. Doc. 46-3. On July 19, 2013 adjusters sent by FNIIC inspected the property again and prepared a new estimate of $53,334.90 in property repairs and a proof of loss reflecting this amount. Rec. Doc. 45-4 at 1-16. However, Hollins did not sign the new proof of loss. *Id*.

On March 19, 2013, the Federal Emergency Management Association ("FEMA") issued a bulletin authorizing an extension of 240 days from the date of loss within which a named insured under an SFIP could submit a signed proof of loss for Hurricane Isaac flood loss. Rec. Doc. 46-1 at 2. However, to date plaintiff has not executed a new proof of loss in connection with the damage sustained by his property during Hurricane Isaac.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A fact is material if it would affect the outcome of the suit under the applicable law. *Fiess v. State Farm Lloyds*, 392 F.3d 802, 807 (5th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 248 (1986)). Where the moving party bears the burden of proof at trial, that party must support its motion with "credible evidence . . . that would entitle it to directed verdict if not controverted at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986). Credible evidence may include documents, affidavits, and other materials. Fed.R.Civ.P. 56(c). In making its determination of whether sufficient evidence exists for the fact-finder to find for the non-moving party, "the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1263 (5th Cir.1991). Once the moving party has made its showing, the burden shifts to the non-moving party to produce evidence that demonstrates the existence of a genuine issue of fact. *Engstrom v. First Nat. Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24). All justifiable inferences are to be drawn in the non-moving party's favor. *Anderson*, 477 U.S. at 255.

### B. Discussion

In its motion, FNIIC argues that Hollins' failure to comply with the proof of loss requirement bars him from recover. Rec. Doc. 45-1 at 9. The Court agrees. FEMA operates the NFIP pursuant to the National Flood Insurance Act of 1968. 42 U.S.C § 4001 et seq. The terms

and conditions of all SFIPs are fixed by FEMA, and provisions cannot be waived without the express written consent of the Federal Insurance Administrator. *Marseilles Homeowners Condo. Ass'n. Inc. v. Fidelity Nat'l. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir.2008).  FEMA can either directly issue flood insurance policies, or have private insurers known as "Write Your Own" (hereinafter "WYO") companies issue policies. *Marseilles*, 542 F.3d at 1055; 44 C.F.R. § 61.13(f).  WYO companies are the fiscal agents of the United States by statute, and all payments on SFIP claims come from the federal treasury.  *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir.2005); 42 U.S.C. § 4071.

A claimant under an SFIP must file "proof of loss containing certain specified information before his claim may be considered." *Forman v. FEMA,* 138 F.3d 543, 545–46 (5th Cir.1998); 44 C.F.R. § 61, App. A(2), art. VII(J)(4).  Said proof of loss (hereinafter "POL") must be signed, sworn, and submitted within 60 days of loss unless the Federal Insurance Administrator makes an exception.[1]  44 C.F.R. § 61, App. A(1), art. VII(J)(4).  The proof of loss requirement is strictly construed, and a claimant cannot meet the requirement through mere substantial compliance.  *See Wright*, 415 F.3d at 387-88; *Forman,* 138 F.3d at 545; *Gowland v. Aetna,* 143 F.3d 951, 953–54 (5th Cir.1998).  The determination of whether or not a claimant has met the POL requirement is a pure question of law.  *Barnes v. Allstate Ins. Co.,* No. 13-5490, 2014 WL 1457696 (E.D. La. Apr. 14, 2014).

Hollins does not dispute that he did not execute a proof of loss to accompany the December 6 estimate that he now seeks to recover on. Instead, Hollins argues that 44 C.F.R. §61, app. (A)(1), art. VII(J)(9) allows an insurer to accept an adjuster's report of loss instead of an executed proof of loss, provided that the insured has signed the adjuster's report. Rec. Doc. 46 at

---

[1] For Hurricane Isaac-related claims the deadline was extended to April 22, 2013.  Rec. Doc. 29-3 at 48.

3. However, this provision does not help Hollins, as the copy of the adjuster's report that he has provided does not bear his signature. Rec. Doc. 46-3.

Hollins also points to *Young v. Imperial Fire & Cas. Ins. Co.*, a case from this Court, as support that initial proof of loss forms taken with later issued estimates can constitute a complete proof of loss. Civ. A. 13-5246, 2014 WL 1456408 (E.D. La. Apr. 15, 2014). However, in that case the insured had timely submitted several proof of loss forms, including a proof of loss making a claim for $175,100, the policy limit, and stating that the full cost of repair or replacement was $260,235.83, which was the amount listed in an earlier report and estimate of damages. *Id.* at *3. Thus, the plaintiff in *Young* had timely submitted a signed proof of loss that was supported by a later supporting estimate. Here, in contrast, Hollins proof of loss claims only $58,003.31, corresponding to the September 1 estimates for building damage, debris removal, and contents loss. Rec. Doc. 45-3 at 2. The later estimate claims an amount of damage far in excess of this executed proof of loss. Because plaintiff did not submit a signed proof of loss that entitles him to further recovery within the required timeframe, plaintiff's action must fail as a matter of law.

Finally, in a supplemental memorandum, plaintiff's counsel objects that the motion for summary judgment is untimely because when the parties consented to a continuance of the original January 26, 2015 trial date, plaintiff stated that he did not consent to an extension of the original December 3, 2014 deadline for filing dispositive motions. Rec. Doc. 54. The Court finds this argument to be unavailing. The Court's last scheduling order, which commands proceedings in this matter, sets forth May 20, 2015 as the deadline for filing pretrial motions. Rec. Doc. 37 at 1. The Court entered the scheduling order on January 15, 2015, and Plaintiff did not object to it

until nearly a month after defendant filed its motion for summary judgment. Thus, the Court finds that the instant motion was timely filed.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendant is GRANTED, and plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana this 17th day of June, 2015.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**